Marrero, V.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

THE PROCTER & GAMBLE COMPANY, :

        Plaintiff and :
        Counterclaim-defendant, :

    - against -     :  No. 14 Civ. 649 (VM)

HELLO PRODUCTS, LLC, :

        Defendant and :
        Counterclaim-plaintiff. :

---------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-28-2014

## PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, plaintiff and counterclaim-defendant The Procter & Gamble Company ("P&G") and defendant and counter-claim plaintiff Hello Products, LLC ("Hello") have stipulated to the terms of the Confidentiality Stipulation and Protective Order (the "Protective Order") set forth herein:

1.    For purposes of this Protective Order, "Confidential Information" means non-public confidential financial, technical, research, development or commercial information that is contained or disclosed in any materials governed by this Protective Order, and designated by a producing party in accordance with the procedures set forth in this Protective Order.

2.    For purposes of this Protective Order, "Highly Confidential Information" means Confidential Information as defined in paragraph one (1) above, the disclosure of which to another party could reasonably be anticipated to cause substantial and irreparable injury to the business of the producing or designating party. Highly Confidential Information may include

information such as trade secrets, marketing, financial, service or strategic plans, current market analysis, customer information, technical data, and research and development information that is contained or disclosed in any materials governed by this Protective Order, and designated by a producing party in accordance with the procedures set forth in this Protective Order.

3. Confidential Information and Highly Confidential Information shall be designated by any party, person or entity subject to discovery in this action (the "Designating Party") with a "Confidential" or "Highly Confidential" stamp placed in a prominent position on each page of the document deemed to be "Confidential" or "Highly Confidential," or upon the disk, tape or other information storage device. Upon such designation, any information that is contained in a confidential document shall be subject to the provisions of this Protective Order. A "Confidential" or "Highly Confidential" designation may also be made by written notification to counsel for each party to this action, and shall be deemed to be Confidential or Highly Confidential Information as of the receipt of such notice. The Designating Party may designate any documents, discovery responses, deposition testimony or other information taken, given, or exchanged in the course of pretrial discovery in this action as "Confidential" or "Highly Confidential" when the party believes in good faith that such material constitutes or reveals information described in paragraphs one (1) and two (2).

4. Counsel for any party may designate all or a portion of the testimony of a deponent as Confidential or Highly Confidential Information by making a statement on the record while the deposition is being taken. Alternatively, the transcript of the deposition may be designated as containing Confidential or Highly Confidential Information by notifying the opposing party in writing, within seven (7) calendar days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential or Highly Confidential Information,

before which the entire transcript is to be treated as containing Highly Confidential Information. Any portion of any deposition testimony that is not designated as containing Confidential or Highly Confidential Information in accordance with this paragraph shall not be entitled to the protection afforded under this Protective Order.

5. Extracts and summaries of "Confidential" or "Highly Confidential" information shall also be treated as "Confidential" or "Highly Confidential" information, as applicable, in accordance with the provisions of this Protective Order.

6. All material stamped "Confidential" shall be subject to the provisions of this Protective Order, shall be used only for the purposes of the above-captioned matter, and shall not be disclosed, except as otherwise provided herein, to any person other than:

- A. the parties of record to this litigation;
- B. the Court, or trier of fact;
- C. the officers, directors, employees, and paid consultants of the parties necessary to assist counsel in the preparation of this proceeding;
- D. inside and outside counsel for the parties in this action, together with their legal associates, paralegals, and clerical and other support staff or services, as well as outside photocopying services;
- E. court reporters retained in this matter;
- F. witnesses and prospective witnesses in connection with this litigation;
- G. experts retained or consulted by the parties; and
- H. any other individuals to the extent agreed upon by the Producing and Receiving Parties,

provided that all persons specified in subsections (F), (G), and (H) agree in writing to be bound by the terms of this Protective Order, such agreement to be evidenced by execution of the form

attached as Exhibit A. Counsel of record shall maintain the agreement executed by a person specified in subdivisions (F), (G), and (H) above. In addition, any persons to whom disclosure of Confidential Information is made shall first be clearly advised of the terms of this Protective Order and must agree not to disclose the information to any person not authorized to receive such information under this Protective Order, and otherwise to comply with all the terms of this Protective Order.

       7. All material stamped "Highly Confidential" shall be subject to the provisions of this Protective Order, shall be used only for the purposes of the above-captioned matter, and shall not be disclosed, except as otherwise provided herein, to any person other than:

    A. the Court, or trier of fact;

    B. inside and outside counsel for the parties in this action, together with their legal associates, paralegals, and clerical and other support staff or services, as well as outside photocopying services;

    C. experts, accountants, and others engaged or retained by the parties or their counsel to render services in connection with this case, along with their associates and clerical and other support staff or services; and

    D. any other individuals to the extent agreed upon by the Producing and Receiving Parties,

provided:

(i) that disclosure of Highly Confidential Information to inside counsel, as specified in subdivision (B) above, shall be limited to persons uninvolved in competitive decisionmaking relevant to competition between the parties in this matter – specifically, to Kenneth Blackburn (P&G Senior Counsel, Health Care Commerce), Joseph Heyd (P&G Director & Associate General Counsel, Global Litigation, Labor & Employment), Matthew Malloy (P&G Director & Associate General Counsel, NA Health & Well Being

4

Commerce, Global Product Safety & Regulatory Law), and Katherine Ruwe (P&G Senior Counsel, Global Litigation and Dispute Resolution), or, if applicable, to any successors in these individuals' positions during the pendency of this action and who also are uninvolved in competitive decisionmaking relevant to competition between the parties in this matter;

(ii) that any individuals identified in subdivision (i) above who leave said positions shall, immediately upon such change in position, cease to have access to any Highly Confidential Information and cease use of such information acquired;

(iii) that Hello shall receive notice from P&G of the identity of any successors, as defined in subdivision (i) above, to which P&G intends to extend the Highly Confidential Information disclosure provisions set forth in this Paragraph 7, and shall have an opportunity to object, for reasonable cause, to same; and

(iv) that all persons specified in subdivisions (C) and (D) above agree in writing to be bound by the terms of this Protective Order, such agreement to be evidenced by execution of the form attached as Exhibit A.

Counsel of record shall maintain the agreement executed by each person specified in subdivisions (C) and (D) above. In addition, any persons to whom disclosure of Highly Confidential Information is made shall first be clearly advised of the terms of this Protective Order and must agree not to disclose the information to any person not authorized to receive such information under this Protective Order, and otherwise to comply with all the terms of this Protective Order.

8. If a Receiving Party wishes to disclose Highly Confidential Information to any person pursuant to paragraph 7(C) of this Protective Order, and such person is a competitor of the Designating Party, or affiliated with a competitor of the Designating Party (together, "Competitor Expert"), the Receiving Party shall serve on opposing counsel an original, signed

copy of the form attached to this Protective Order as Exhibit A, executed by such Competitor Expert. For each designated person under paragraph 7(C) of this Protective Order who is a Competitor Expert (other than clerical or other service or support staff of such person), the party seeking to disclose the Highly Confidential Information shall also serve on opposing counsel a *curriculum vitae* for such person. No Highly Confidential Information will be disclosed to any Competitor Expert under paragraph 7(C) of this Protective Order if within five (5) days after the aforementioned service, counsel receiving the signed form attached to this Protective Order as Exhibit A serves a Notice of Objection to disclosure of Highly Confidential Information to such Competitor Expert, setting forth each objection and the basis for such. The parties agree to interpose only good faith objections. If no Notice of Objection is made within the five (5) day period, Highly Confidential Information may thereafter be disclosed to such Competitor Expert. If a Notice of Objection is made within five (5) days, the parties agree to use a good faith effort to overcome the Notice of Objection. If the parties cannot resolve the objections, Highly Confidential Information will not be disclosed to such person, except upon order of the Court. The parties agree, if at all possible, to seek a prompt telephone conference with the Court for the purpose of the Court ruling on the question of disclosure.

        9. Notwithstanding anything else herein, if a recipient of Confidential or Highly Confidential Information is legally compelled (whether by regulatory request, deposition, interrogatory, request for documents, subpoena, civil investigation, demand or similar process) to disclose any Confidential or Highly Confidential Information, that recipient, unless requested not to do so by a competent judicial or governmental entity, shall notify the Designating Party in writing of such requirement as soon as reasonably practicable, but no later than three (3) business

days after service, so that the Designating Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions hereof.

10. Confidential or Highly Confidential Information may be used or submitted to the Court in connection with any filing or proceeding in this litigation, but the party using such Confidential or Highly Confidential Information shall cause it to be filed separately under seal with the Clerk of the Court. A copy of the papers submitted by filing may also be submitted to the judge expected to hear the matter, provided that the judge is advised of the confidential status of the papers. All papers that contain Confidential or Highly Confidential Information and which are submitted to or filed with the Court shall be submitted or filed in a sealed envelope identifying the nature of the contents of the sealed envelope and bearing the following legend clearly written on the face of the envelope under the style of this litigation:

**CONFIDENTIAL - SUBJECT TO COURT ORDER**

**The contents of this envelope are subject to a Stipulation and Order for the Protection of Confidential Information, shall be treated as confidential and must not be shown to any Person except as authorized by order of the Court.**

11. Any disputes regarding the scope of Confidential or Highly Confidential materials will be resolved by the Court. If Confidential or Highly Confidential designations are disputed by the Receiving Party, the Receiving Party shall notify the Designating Party of its objections, in writing, and the sides shall promptly meet and confer. If the sides are unable to resolve their dispute, then the Designating Party must, within three weeks after the parties have met and conferred, move the Court for an order approving the designation and the designated material shall be treated as designated until the issue is resolved by the Court. The Designating

7

Party has the burden of demonstrating that the discovery materials at issue falls within the definitions of Confidential or Highly Confidential included herein.

12. Nothing in this Protective Order shall prevent any party from using or disclosing its own Confidential Information or Highly Confidential Information.

13. Inadvertent, unintentional, or *in camera* disclosure or production of confidential material prior to its designation as Confidential or Highly Confidential Information in accordance with this Protective Order shall not be deemed a waiver, in whole or in part, of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

14. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall (i) operate as an admission by any party that any particular document or information is, or is not, confidential; (ii) prejudice in any way the right of any party to seek a determination of whether or not particular information should or may be disclosed, or, if disclosed, whether or not it should remain subject to the terms of this Protective Order; or (iii) operate as an admission by any party that any particular document is, or is not, admissible in evidence at the hearing of this action.

15. Nothing in this Protective Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Designating Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, or other privilege or immunity, the Designating Party will promptly notify each Receiving Party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return and/or destroy all copies of inadvertently produced material within three

(3) business days and, in the case of destruction of inadvertently produced material, certify that fact to the Designating Party if requested to do so. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege or immunity shall be destroyed forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court. The Designating Party bears the burden of establishing the privileged nature of any inadvertently produced information or material. Each Receiving Party shall refrain from distributing or otherwise using the inadvertently disclosed information or material for any purpose until any issue of privilege is resolved by agreement of the parties or by the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a motion by the Designating Party seeking return or destruction of such information or materials. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Designating Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return and/or destroy such information or materials to the Designating Party (and, in the case of destruction, certify that fact to the Designating Party if requested to do so), and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct.

    16. In the event a party produces two or more identical copies of discovery material, and any copy is designated as Confidential or Highly Confidential Information, while other copies are not so designated, all such identical discovery material shall be treated as Confidential or Highly Confidential to the extent a Receiving Party becomes aware that such

identical documents are designated differently. Any party identifying such inconsistent designations shall notify the Producing Party of the inconsistency, and the Producing Party shall notify the parties of the existence and bates numbers or other identifying information of the non-designated or improperly designated copies, and as to whether the documents are to be treated as Confidential or Highly Confidential. Initially non-designated documents, or initially improperly designated documents, subject to subsequent designation as described above shall be returned to counsel for the Producing Party by any parties that, pursuant to the terms of this Protective Order, no longer have a right to possess the documents.

17. Nothing in this order shall preclude inside or outside counsel to the parties in this action from giving advice to his or her client in this action based on discovery material designated as Highly Confidential, provided that such counsel shall not disclose the contents of any such information in a manner inconsistent with the terms of this Protective Order.

18. Except as otherwise set forth herein, this Protective Order shall not be construed to apply to documents, information and testimony that: (i) was, is or becomes public knowledge, not in violation of this Protective Order; (ii) is acquired by the non-designating party from a third party having the right of disclosure of such information or material; or (iii) was lawfully possessed by the non-designating party prior to the execution of this Protective Order.

19. Notices required pursuant to this Protective Order shall be made to any counsel of record for a person or entity subject to discovery in these actions via electronic mail or overnight delivery service and shall be deemed effective when received.

20. At the conclusion of all proceedings in the above-captioned matter, whether the action be settled, otherwise resolved in full prior to hearing, or tried on the merits and including

any appeal from a determination resolving the action, all documents containing Confidential Information or Highly Confidential Information, and all copies thereof, shall be promptly returned to the producing party (and in no event later than forty-five (45) days after entry of final judgment), or destroyed, at the producing party's election. If returned documents become necessary for enforcement proceedings, or other proceedings concerning this case and the parties, they may be retrieved upon written request to the producing party. The retrieved documents, and the information contained therein, shall be subject to the provisions of this Protective Order. Notwithstanding any suggestion to the contrary in this paragraph, once documents containing Confidential or Highly Confidential Information are returned to the producing party, the producing party shall be under no obligation to retain such documents. Notwithstanding anything to the contrary, counsel of record for the parties may retain in counsel's office documents constituting work product, pleadings, motion papers, discovery responses, deposition transcripts, deposition and trial exhibits, and similar materials. Counsel of record shall take care to prevent the disclosure of any such documents containing Confidential or Highly Confidential information.

21. Each person to whom Confidential or Highly Confidential Information is made available under the terms of this Protective Order consents to jurisdiction of the Court to enforce its terms, including the Court's power to hold such person liable for sanctions or in contempt of court for violating its terms.

22. The foregoing is entirely without prejudice to the right of any party (i) to apply to the Court for any further Protective Order relating to Confidential or Highly Confidential Information; (ii) to object to the production of Confidential or Highly Confidential Information; (iii) to apply to the Court for an order compelling production of Confidential or Highly

Confidential Information, or for modification of this Protective Order; or (iv) to seek any other relief from the Court.

23. The restrictions imposed by this Protective Order may be modified or terminated only by further order of the Court.

24. This Protective Order shall survive the final determination of this action and shall remain in full force and effect after the conclusion of all proceedings herein.

25. This Protective Order may be executed in several counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument.

The parties, by their undersigned counsel, hereby consent to the entry of the foregoing Order.

Dated:   New York, New York
         May 20, 2014

KRAMER LEVIN NAFTALIS &
   FRANKEL LLP

By: _____/s/_____
   Harold P. Weinberger
   Norman C. Simon
   Eileen M. Patt
   Kurt M. Denk
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
hweinberger@kramerlevin.com
nsimon@kramerlevin.com
epatt@kramerlevin.com
kdenk@kramerlevin.com

*Attorneys for Plaintiff and
   Counterclaim-defendant
The Procter & Gamble Company*

ZUKERMAN GORE BRANDEIS &
   CROSSMAN LLP

By: _____/s/_____
   John K. Crossman
   Jeseuka Ruiz de la Torre
Eleven Times Square
New York, New York 10036
(212) 223-6700
jcrossman@zukermangore.com
jruiz@zukermangore.com

Randall A. Brater (*admitted pro hac vice*)
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20036
(202) 715-8472
randall.brater@arentfox.com

*Attorneys for Defendant and
   Counterclaim-plaintiff
Hello Products, LLC*

SO ORDERED.  28 May 2014

_____/s/_____
Honorable Victor Marrero
United States District Judge

13

# EXHIBIT A
# TO PROTECTIVE ORDER

## ACKNOWLEDGMENT OF PROTECTIVE ORDER

I, _____,
(name of person)

_____,
(address and phone number)

acknowledge that I have read and will abide by the terms of the Protective Order entered in the matter of *The Procter & Gamble Company v. Hello Products, LLC*, Case No. 14 Civ. 00649 (VM) (S.D.N.Y.), governing documents and information labeled Confidential and Highly Confidential. I hereby agree that I will not disclose any information contained in such documents disclosed to me in connection with this matter, and will not use any such information for any purpose, other than in this litigation. I hereby acknowledge that the United States District Court for the Southern District of New York has subject matter jurisdiction over any matters concerning the Protective Order, including but not limited to matters concerning disputes, enforcement, and violations of the Protective Order. I submit to the personal jurisdiction of the United States District Court for the Southern District of New York with respect to any and all matters concerning the Protective Order.

Dated: _____.

_____
(name)

_____
(signature)