UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PROCTER & GAMBLE COMPANY,

        Plaintiff,

    - against -

HELLO PRODUCTS, LLC,

        Defendant.

OPINON & ORDER

14-CV-649 (VM) (RLE)

**RONALD L. ELLIS, U.S.M.J.:**

## I. INTRODUCTION

On January 31, 2014, Plaintiff Procter & Gamble Company ("P&G") filed a Complaint against Defendant Hello Products, LLC ("Hello"). (Doc. No. 2.) On June 17, 2014, the Honorable Victor Marrero referred this case to the undersigned for general pretrial purposes. (Doc. No. 23.) Before the Court is P&G's Motion for Leave to Amend the Complaint. (Doc. No. 40.) For the reasons that follow, the Motion is **DENIED**.

## II. DISCUSSION

In its original Complaint, P&G's claims include false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and deceptive acts and practices and false advertising in violation of N.Y. Gen. Bus. Law §§ 349 and 350. (Doc. No. 2, ¶ 1.) P&G alleges:

> Hello recently began manufacturing and distributing oral care products, including Hello™ anticavity toothpaste ("Hello Paste"). On its labeling and in advertising and promotion, Hello claims that Hello Paste is "99% natural." In fact, a significant proportion of the ingredients in Hello Paste are extensively and chemically processed, and the product thus is not 99% natural.

(*Id.*, ¶ 2.) In P&G's proposed Amended Complaint, P&G seeks to add the phrase "naturally friendly" to the paragraph above because "after P&G commenced this lawsuit and Hello stipulated to a preliminary injunction pursuant to which it agreed to abandon the '99% natural'

claim, Hello began labeling, advertising and promoting Hello Paste as 'naturally friendly.'" (Doc. No. 40, Ex. B, ¶ 2.)

## A. Legal Standard

Generally, courts should freely give leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a); *Williams v. Citigroup, Inc.*, 659 F.3d 208, 212 (2d Cir. 2011); *Rachman Bag Co. v. Liberty Mut. Ins. Co.*, 46 F.3d 230 (2d Cir. 1995). A court may deny a motion to amend when (1) the movant is guilty of undue delay, (2) the movant has acted in bad faith, (3) the amendment would be futile, or (4) the amendment would prejudice the opposing party. *State Teachers Retirement Board v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981); *see Dluhos v. Floating and Abandoned Vessel, Known as New York*, 162 F.3d 63, 69 (2d Cir. 1998); *Cevasco v. National R.R. Passenger Corp.*, No. 04-CV-5760, 2007 WL 4440922, at *3 (S.D.N.Y. Dec. 18, 2007) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## B. P&G Acted with Undue Delay

A motion to amend under Rule 15(a)(2) may be made at any stage of the litigation. *See* 6 Charles Allen Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1487 (3d ed. 2010). A party seeking to amend, however, should bring its motion "as soon as the necessity for altering the pleading becomes apparent" to avoid an allegation of delay. *Id.* at § 1488; *see also Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990).

Hello argues that P&G acted with undue delay in moving to amend over a year after filing the original Complaint in January 2014. (Doc. No. 44, at 5-7.) Hello states that it "began referring to its products as 'naturally friendly' in publicly available materials, such as press releases and ad campaigns," in June 2013, and that "P&G obtained one of the Hello press releases that included the phrase 'naturally friendly'" in September 2013. (*Id.* at 5.) P&G cited

the September 2013 press release in its Complaint. (Doc. No. 2, ¶ 29.) Beginning in January 2014, Hello "began prominently featuring the 'naturally friendly' mark on its website and on retailers' shelves" and "the 'naturally friendly' mark and photo of the re-designed toothpaste bottle began to appear on Hello's website." (Doc. No. 44, at 6.) By February 2014, Hello products bearing the new "naturally friendly" mark were on retailers' shelves. (*Id.*) In March 2014, Hello showed P&G the updated bottle of toothpaste with the new "naturally friendly" mark at a conference before the Court. (*Id.*) In addition, in March 2014, the Parties agreed to a Stipulation, which specifically stated that Hello had changed its products to the "naturally friendly" mark. (Doc. No. 40, Ex. D, ¶ 5.)

This Court has held, "If a proposed amendment is based on 'information that the party knew or should have known prior to the deadline [to file an amendment], leave to amend is properly denied.'" *Hyo Jung v. Chorus Music Studio, Inc.*, No. 13-CV-1494 (RLE), 2014 WL 4493795, at *2 (S.D.N.Y. Sept. 11, 2014) (citing *Soroof Trading Dev. Co., Ltd. v. G.F. Microgen, Inc.*, 283 F.R.D. 142, 147 (S.D.N.Y. 2012)). P&G's deadline to amend its Complaint was April 15, 2014. P&G knew that Hello had changed it mark and had adopted the "naturally friendly" tagline at least one month before the deadline to amend. Moreover, P&G waited another ten months after the deadline to file its Motion to Amend.

P&G claims that it waited to move to amend because an amendment was not warranted until P&G learned of certain facts during discovery. (Doc. No. 46, at 6.) More specifically, P&G alleges that is learned during depositions in January and February 2015 that "Hello intended to convey the same false and misleading uniquely natural messaging through the 'naturally friendly' claim that it had by its discontinued '99% natural' claim." (*Id.*) P&G does not adequately explain, however, why this claim about motivation necessitates an amendment. If

3

P&G wanted to include the "naturally friendly" claim, then it could, and should, have amended its Complaint before the deadline or soon thereafter. To the extent that Hello might have had ulterior motives in making changes, P&G was well-positioned to question motive at the time of the change.

The Court therefore finds that P&G acted with undue delay in filing its Motion to Amend.

## C. The Proposed Amendment Would Result in Prejudice to Hello

Undue delay alone is not enough to deny a proposed amended complaint; Hello must also show that the proposed amendment would result in prejudice. *State Teachers Ret. Bd. V. Flour Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (citation omitted) ("Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend."). However, "[t]he longer the period of unexplained delay, the lesser the showing of prejudice required from the nonmoving party." *Bridgeport Music, Inc. v. Universal Music Group, Inc.*, 248 F.R.D. 408, 414 (S.D.N.Y. 2008) (citing *Evans v. Syracuse City School District*, 704, F.2d 44, 47 (2d Cir. 1983). Prejudice may exist when the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] (ii) significantly delay the resolution of the dispute . . ." *Monahan v. New York City Dept. of Corrections*, 214 F.3d 275, 284 (2d Cir. 2000) (citing *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993)).

Fact discovery in this case ended on February 20, 2015, and Hello's rebuttal expert reports are due on May 22, 2015. (Doc. Nos. 38, 49.) Hello asserts that an amendment would require the Court to re-open the fact discovery period in order to mount a defense against the "naturally friendly" claim. (Doc. No. 44, at 10.) Hello contends:

4

>Hello has not produced any documents that relate solely to the "naturally friendly" tagline. Hello would need to engage in a second document collection effort, including a second round of email collection, to produce all relevant documents and to analyze them for use in its defense. Hello would also need to re-call P&G witnesses to obtain evidence in support of its defenses, including Hello's laches defense... Additionally, since the "naturally friendly" tagline continued to be used after the "99% natural" claim was removed, documents proving Hello's lack of profits and a time-consuming analysis of the expenses that support that conclusion would need to be undertaken for an entirely different time period.

(*Id.*) Hello also claims that an amendment would require a delay in expert discovery. (*Id.*)

Hello states:

>Hello would anticipate the need to conduct a survey concerning the public perception of its "naturally friendly" tagline – something unnecessary for the concrete "99% natural" claim that this litigation is about. Hello would need to locate and hire an expert in this regard... [S]trategy concerning the retention of experts that may no longer be tenable. Hello would need to reevaluate the need to retain additional experts in light of the ... amendments P&G is seeking.

(*Id.* at 10-11.)

Allowing P&G to amend their Complaint would result in substantial delay of a resolution of this case. Fact discovery in this case lasted nearly one year and required three extensions, in part because of delays with electronically stored information and difficulties in scheduling several depositions. (Doc. Nos. 26, 28, 35.) The Parties also characterized the document collection and production process as "present[ing] unique complexities." (Doc. Nos. 26.) Adding the "naturally friendly" claim to the Complaint would require the Court to re-open fact discovery to allow Hello to defend against the claim.[1] This would result in prejudice to Hello because re-opening fact discovery will cause further delay and expense. For this reason, the Court finds that the proposed amendment would result in prejudice to Hello.

---

[1] P&G was able to challenge the truth of the "99% natural" claim. This presented a factually limited area of inquiry. Questions about motivation are more complex and would require more extensive documentary production and additional depositions.

5

### D. According to P&G, an Amended Complaint Would Serve No Purpose

Based on P&G's statements, an amended complaint would serve no purpose. P&G contends that "it may pursue relief for the 'naturally friendly' claim based on its initial Complaint alone." (Doc. No. 46, at 1.) P&G further asserts, "P&G's discovery requests provide additional evidence that P&G deemed the 'naturally friendly' claim to be within the scope of the initial Complaint . . ." (*Id.* at 5.) If P&G's assertions are correct and "naturally friendly" is within the scope of the initial Complaint, then the Court sees no reason for an amendment.

### III. CONCLUSION

For the above reasons, the Court **DENIES** P&G's Motion for Leave to File an Amended Complaint.

**SO ORDERED this 20th day of May 2015**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**